UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANDRZEJ MAZUREK, EXECUTOR OF THE ESTATE OF ROBERT C. PRESTO, ANDRZEJ MAZUREK, INDIVIDUALLY <br> *Plaintiff*, <br><br> v. <br><br> CHARLES PRESTO, EXECUTOR OF THE ESTATE OF WILLIAM PRESTO, CHARLES PRESTO, INDIVIDUALLY <br> *Defendant*. | 3:24-CV-241 (SVN) <br><br><br><br><br><br><br><br> October 31, 2024 |

**ORDER AWARDING ATTORNEY'S FEES AND COSTS**

Sarala V. Nagala, United States District Judge.

Plaintiff Andrzej Mazurek, executor of the estate of Robert Presto, brought this action in Connecticut Superior Court against Defendant Charles Presto, individually and as executor of the estate of William Presto, seeking to invalidate allegedly false land records filed by Defendant. *See* Compl., ECF No. 1-1. Defendant removed the action to federal court, and the Court granted Plaintiff's motion to remand. *See* ECF No. 13. As part of the Order remanding the case, the Court determined that Plaintiff is entitled to reimbursement of reasonable attorney's fees and costs expended in litigating the remand motion because Defendant's purported bases for removal were objectively unreasonable. *Id.* Plaintiff seeks a total of $5,188, consisting of $4,575 in fees and $613 in expenses. For the following reasons, the Court awards Plaintiff a reduced amount of fees ($4,267.50) and the full $613 in expenses, for a total award of $4,880.50.

I. **BACKGROUND**

Plaintiff filed this action in Connecticut Superior Court on January 31, 2024, seeking invalidation of certain land records that were allegedly falsely filed. *See* Compl. On February 22, 2024, Defendant filed a notice of removal claiming federal jurisdiction on the basis of a federal

1

question—specifically, that the judgment Plaintiff sought would violate Defendant's First Amendment rights to free speech and open access to the courts and his Fourteenth Amendment rights to due process and equal protection. Not. Removal, ECF No. 1 at 2. Defendant further contended that there was diversity jurisdiction because he was not a resident of Connecticut in his capacity as executor of William Presto's estate and that the value of the property in controversy exceeded $75,000. *Id.* at 4. Plaintiff promptly filed a motion to remand the action to state court. ECF No. 8.

The Court granted Plaintiff's motion to remand. ECF No. 13. In holding that the case should be remanded, the Court noted that there was no federal question jurisdiction because Plaintiff sought relief only under a state statute. *Id.* The Court further recognized that the Defendant's claim that his rights under the First and Fourteenth Amendments were violated could not serve as the basis of federal question jurisdiction, as federal question jurisdiction must appear in the plaintiff's complaint. *Id.* (citing cases). The Court also found there was no diversity jurisdiction because an estate's executor or legal representative is considered a citizen of the same state as the decedent at the time of death, and William Presto, for whom Defendant serves as executor, was domiciled in Connecticut at the time of his death. *Id.* Finally, the Court granted Plaintiff's request to require Defendant to pay at least some of Plaintiff's costs and expenses, including attorney's fees, incurred in moving to remand the case to Connecticut Superior Court because Defendant's bases for removal were objectively unreasonable. *Id.*; 28 U.S.C § 1447(c). In granting Plaintiff's request, the Court retained limited jurisdiction to decide the appropriate costs and expenses to award under § 1447(c). ECF No. 13.

Plaintiff filed an accounting of fees and expenses incurred in response to removal, ECF No. 14-1, to which Defendant responded, ECF No. 16.  Defendant's response focused on the merits of the case, not the fees and costs sought.  *See* ECF No. 16.  The Court now orders as follows.

## II.   LEGAL STANDARD

As a general matter, the "starting point" in analyzing whether claimed attorney's fees are appropriate is the lodestar.  *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011).  The "lodestar" is "the product of a reasonable hourly rate and the reasonable number of hours required by the case."  *Id.*

"The reasonable hourly rate is the rate a paying client would be willing to pay."  *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190–91 (2d Cir. 2008).  In calculating the reasonable hourly rate, the Court applies a presumption in favor of calculating fees based on the prevailing rates in the forum in which the litigation was brought.  *See Kyros Law P.C. v. World Wrestling Enter., Inc.*, 78 F.4th 532, 547 (2d Cir. 2023).  Thus, "[w]hen an attorney's requested hourly rate is higher than rates found to be reasonable in the relevant market, it is within the Court's discretion to reduce the requested rate."  *Yuajian Lin v. La Vie En Schezuan Rest. Corp.*, No. 15-cv-9507 (DF), 2020 WL 1819941, at *2 (S.D.N.Y. Apr. 9, 2020) (citing *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 87 (2d Cir. 1998)).

As for the reasonableness of the hours expended, a district court must conduct "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended."  *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994).  A party may "satisf[y] his burden by providing detailed itemization of the hours expended reconstructed through contemporaneous billing records."  *Hernandez v. Berlin Newington Assocs., LLC*, No. 3:10-cv-1333 (VLB), 2016 WL 5339720, at *5 (D. Conn. Sept. 22,

3

2016). Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

Adjustments to the lodestar calculation "are appropriate only in 'rare circumstances,' because the 'lodestar figure [already] includes most, if not all, of the relevant factors constituting a reasonable attorney's fee.'" *Millea*, 658 F.3d at 167 (quoting *Perdue v. Kenny A ex rel. Winn*, 559 U.S. 542, 553–54 (2011)). For example, "'[t]he novelty and complexity of a case generally may not be used as a ground for [adjusting the lodestar]' because they are already included in the lodestar calculation itself, being 'fully reflected in the number of billable hours recorded by counsel.'" *Id.* (quoting *Perdue*, 559 U.S. at 553). Similarly, "the quality of an attorney's performance generally should not be used to adjust the lodestar because considerations concerning the quality of a prevailing party's counsel's representation normally are reflected in the reasonable hourly rate." *Id.* (same).

The party seeking fees bears the burden of demonstrating that its request is reasonable and must provide the Court with enough information to assess its application. *Evans v. State of Conn.*, 967 F. Supp. 673, 691 (D. Conn. 1997) ("The burden is on the fee applicant to produce satisfactory evidence, in addition to the attorney's own affidavits, showing that the requested rates are in line with those prevailing in the community for similar services."); *Hernandez*, 2016 WL 5339720, at *5 (finding party satisfied burden by producing contemporaneous billing records). In addition to evidence adduced by counsel, "[a] district court may take judicial notice of the rates awarded in similar cases and may rely on its own familiarity with the rates prevailing in the district." *Hernandez*, 2016 WL 5339720, at *3.

### III.  DISCUSSION

For the following reasons, the Court finds that Plaintiff is entitled to a reduced amount of attorney's fees sought, but all costs sought.

####   A.  Reasonableness of Hourly Rates

First, the Court notes that, despite its direction to Plaintiff to submit a memorandum of law explaining why the amount of fees sought is reasonable, Plaintiff has not justified why the hourly rates for Attorneys Lathouris or Nesheiwat are reasonable, aside from a conclusory statement that Plaintiff's counsel "bills a reasonable rate in line with the prevailing rate in this community for attorneys with similar years of experience and comparable skill, practice, and reputation."  ECF No. 14 at 4.  Plaintiff's response does not, for instance, provide information about how much particular experience either attorney has, aside from stating that Lathouris is a senior partner and Nesheiwat is a junior associate.  The Court has nonetheless endeavored to analyze, with the information available to it, whether counsel's billing rates are reasonable.

Beginning with Attorney Lathouris, the requested rate of $500 per hour falls within the range recognized as reasonable.  According to his firm's website, Attorney Lathouris is the founding partner of his law firm, and has been practicing law in Connecticut since 1982.[1]  A rate of $500 per hour is not excessive for an attorney with this level of experience.  *See Rzasa v. BJ's Rests., Inc.*, No. 3:23-cv-140 (JBA), 2023 WL 3860457, at *4 (D. Conn. June 7, 2023) (finding that a billing rate of $500 per hour for a partner was reasonable, "[i]n light of the Court's experience with attorney hourly rates in this District").

Without any information about the particular experience level of Attorney Nesheiwat, however, it is difficult to assess whether her billing rate of $250 per hour is reasonable.  *See, e.g.,*

---

[1] Peter Lathouris, Firm Overview, Lathouris Law, https://www.lathourislaw.com/firm-overview/peter-v-lathouris/ (last visited October 30, 2024).

*Wan v. YWL USA Inc.*, No. 18-cv-10334 (CS), 2021 WL 1905036, at *5 (S.D.N.Y. May 12, 2021) (recognizing that, in labor cases, rates for associates in excess of $225 per hour are reserved for litigators with more than three years' experience) (citations omitted).  Since Plaintiff's submission fails to explain Attorney Nesheiwat's level of experience, but states only that she is a "junior associate," the Court finds that a rate of $225 per hour for her services is more reasonable than $250 per hour.

   B. <u>Reasonableness of Hours Expended</u>

The Court next finds that the hours expended by Attorney Lathouris and Attorney Nesheiwat in responding to the removal are reasonable.  Courts have awarded attorney's fees for up to 20.1 hours for litigating motions to remand. *See Rzasa,* 2023 WL 3860457, at *4.  Here, Plaintiff's motion seeks compensation for 3 hours of work by Attorney Lathouris and 12.3 hours of work by Attorney Nesheiwat.  *See* ECF No. 14 at 4.[2]  Thus, the total hours for which Plaintiff requests compensation for is 15.3 hours.  This is a reasonable amount of time for this type of motion.

   C. <u>Lodestar Calculations, Costs, and Total</u>

Thus, the Court finds that:

1. Attorney Lathouris's fees, multiplying a reasonable hourly rate of $500 per hour by a reasonable number of 3 hours of work on this matter, totals $1,500;

2. Attorney Nesheiwat's fees, multiplying a reasonable hourly rate of $225 per hour by a reasonable number of 12.3 hours, totals $2,767.50.

 Plaintiff is therefore entitled to attorney's fees in the amount of $4,267.50.

---

[2] Based on the billing records, Attorney Nesheiwat billed a total of 17.8 hours.  *See* ECF No. 14-1 at 1–2.  It appears that 5.5 of her hours were written off, however, resulting in a total of 12.3 hours claimed.  *Id.* at 1 (billing $0 for 5.5 hours of work performed on February 27 and 28, 2024).

Next, the Court finds that Plaintiff is also entitled to $613 in costs, as this is the sum of reasonable expenses incurred in litigating the matter.

In total, Plaintiff is therefore entitled to $4,880.50 in reasonable legal expenses.

The Court recognizes that it has discretion "to temper the amount to be awarded . . . by a balancing consideration of [a party's] ability to pay." *Oliveri v. Thompson,* 803 F.2d 1265, 1281 (2d Cir. 1986). Courts can reduce the amount of attorney's fees awarded based on a party's inability to pay the total amount due if the party demonstrates, with evidence, that payment of the full amount of fees would result in "real or extreme hardship." *See, e.g.*, *United States v. Hylton,* No. 3:11-cv-1543 (JCH), 2013 WL 3927858, at *5 (D. Conn. July 26, 2013), *aff'd*, 590 F. App'x 13 (2d Cir. 2014) (examining information provided by non-prevailing party under oath and concluding that the party should be held responsible for only one-quarter of the fee award); *see also Seitzman v. Sun Life Assurance Co. of Canada*, 311 F.3d 477, 487–88 (2d Cir. 2002) (affirming reduction of fee award where the party had "sufficient capital to pay the fees in full," but was retired, lived on his savings, and suffered from a "chronic and expensive ailment").

While Defendant states that he is 82 years old, underwent surgery in 2023, and has been disabled since 2004, ECF No. 16 at 2, he has neither argued that paying Plaintiff's legal expenses would pose a real and extreme hardship to him nor provided any evidence that that is the case. His response focuses instead on the merits of the case. *See* ECF No. 16. Defendant paid the filing fee for this action and for another similar action he removed from state court. *See Presto et al. v.*

*Presto*, D. Conn. No. 3:23-cv-668 (SVN).[3] While he sought leave to appeal the Court's remand order in this action *in forma pauperis*, he represented in that motion only that the estate of William Presto has no funds to pay the appeal or afford counsel; he did not assert that, to the extent he is sued individually, he lacks financial resources. *See* ECF No. 21 at 3. On the present record, the Court cannot find that paying the full amount of the fee award would pose a real and extreme hardship to Defendant.

### IV. CONCLUSION

For the reasons set forth in this Order, Defendant shall submit payment in the amount of $4,880.50 (money order or bank check) to Plaintiff's counsel by **December 31, 2024**. Plaintiff shall file a notice discussing Defendant's compliance with this Order within seven days of receipt of payment and, in no event, later than **January 7, 2025**.

**SO ORDERED** at Hartford, Connecticut, this 31st day of October, 2024.

      */s/ Sarala V. Nagala*
      SARALA V. NAGALA
      UNITED STATES DISTRICT JUDGE

---

[3] When Defendant removed Case No. 3:23-cv-668 (SVN) for the second time, he sought to have the filing fee waived. *See Presto et al. v. Presto*, D. Conn. No. 3:24-cv-1084 (SVN), Mot. Leave to Proceed *In Forma Pauperis*, ECF No. 2. The motion was denied without prejudice because Defendant failed to provide any information about why he could not pay the filing fee. *Id.*, ECF No. 11. In the meantime, the Court recognized that the state court case that had been removed was the same state court case that had been removed in Case No. 3:23-cv-668. It therefore *sua sponte* consolidated Case No. 3:24-cv-1084 with Case No. 3:23-cv-668, and directed the Clerk to refile the new notice of removal in Case No. 3:23-cv-668. *See* No. 3:24-cv-1084, ECF No. 16; No. 3:23-cv-668, ECF No. 25. As the filing fee had already been paid in Case No. 3:23-cv-668, the Court did not revisit the issue of the filing fee, and Defendant did not pursue the issue further. *See* No. 3:23-cv-668, ECF No. 27.